# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMES WYMER,

        **Plaintiff,**

v.                                  **Case No:   6:15-cv-1669-Orl-37DAB**

OFC. ROBERT C. BAXTER, ON
BEHALF OF THE ORLANDO POLICE
DEPARTMENT,

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**:

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No.2)**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED**.

Plaintiff James Wymer filed suit against Officer Baxter "on behalf of the Orlando Police

Department" alleging an apparent violation of his civil rights[1] stemming from his June 2010 arrest,

following a fight with his roommate, and a 911 call to the police.[2]

---

[1].Although Plaintiff has filed suit on a prisoner Civil Rights Complaint form (Doc. 1), he apparently is no longer incarcerated.   Plaintiff claims an address in Charlotte, North Carolina, although he has filed the case in person in the Orlando Division Clerk's Office.

[2] On October 16 and 22, 2015, Plaintiff James Wymer filed twenty lawsuits against individuals and entities alleging claims he asserts amount to "hate crimes." *See, e.g., Wymer v. Lapierre*, Case No. 6:15cv1750 (alleging claims against the National Rifle Association for being shot in the eye with a gun).

**Standard for *In Forma Pauperis***

Upon an affidavit of indigency, any court of the United States may authorize a party to proceed in forma pauperis.   28 U.S.C. § 1915(a).   In forma pauperis proceedings are governed by Title 28, United States Code, Section 1915.   The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). When considering a motion to proceed in forma pauperis pursuant to this statute, the first determination for the court " 'is whether the statements in the affidavit satisfy the requirement of poverty.'" *See Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)).

If the affidavit is "sufficient on its face to demonstrate economic eligibility," the court should first docket the case and then determine, pursuant to 28 U.S.C. § 1915(e)(2), whether the asserted claim is frivolous or fails to state a claim. *See Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).   In reviewing an application to proceed in forma pauperis, the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2).

The standard of review for dismissals pursuant to 28 U.S.C. § 1915(e)(2) tracks the language for dismissals under Federal Rule of Civil Procedure 12(b)(6).   *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).   To survive dismissal for failure to state a claim under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has provided guidance on

what constitutes a "well pled" complaint, requiring a plaintiff to supply more than just any

conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that

is plausible on its face."   Id.   The Supreme Court has explained the two prong approach to

evaluating whether a complaint meets this standard:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d
> 929, the pleading standard Rule 8 announces does not require "detailed factual
> allegations," but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478
> U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers
> "labels and conclusions" or "a formulaic recitation of the elements of a cause of
> action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice
> if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at
> 557, 127 S.Ct. 1955.
>    To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*,
> at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads
> factual content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The
> plausibility standard is not akin to a "probability requirement," but it asks for more
> than a sheer possibility that a defendant has acted unlawfully. *Ibid* . Where a
> complaint pleads facts that are "merely consistent with "a defendant's liability, it
> "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
> *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>            \*\*\*
>    But where the well-pleaded facts do not permit the court to infer more than
> the mere possibility of misconduct, the complaint has alleged--but it has not
> "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
>    In keeping with these principles a court considering a motion to dismiss can
> choose to begin by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth. While legal conclusions can
> provide the framework of a complaint, they must be supported by factual
> allegations. When there are well-pleaded factual allegations, a court should assume
> their veracity and then determine whether they plausibly give rise to an entitlement
> to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

"Factual allegations must be enough to raise a right to relief above the speculative level."

*Id.*   Though pro se pleadings are held to a less strict standard than those drafted by lawyers and are

construed liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court does not

have "license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading

in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369

(11th Cir. 1998), *overruled on other grounds as stated in Young v. Nichols*, 398 Fed. Appx. 511 n.2

(11th Cir. 2010).

### Allegations in Plaintiff's Complaint

In Plaintiff's "Statement of Claim, Statement of Facts, and Relief Requested" sections of his

Complaint (Doc. 1), Plaintiff alleges he is "[p]etition[ing] the local government for redress of

grievances" for the following conduct by the officers responding to the call:

> I tried to inform the officer that I called them and I was the victim the police made
> me the crimal [sic]. . . Nicholas was treated like a king and I was treat [sic] like I
> was nothing and I spent years of jail over the issue.  On 6/1/2010 this incident
> happen [sic] and the Orlando police came to my home and I was arrested but the
> police is not telling the truth behide [sic] this issue or incident. . . . All my US
> constitutional rights were violated until I was silent [sic] by the judges of the county
> by putting me into a mental ward.   The judges Alan Apt [sic] used psych doctor to
> insert his plan to remove me from the jail under cover or without me knowing about
> this plan.   I was taken to the state hospital without due process and I was force [sic]
> on medicine while there.  I didn't need any of this.  I fought for years on this
> matter from being taken off a bus in Atlanta to go threw [sic] this all over again.
> On which, I fought there also.   The first thing that was said in the first appearance
> was that I was incompetent without even talking to me.   This is a plot of the state
> court to stop me from going to trial in January of 2014.   I went to jail in Atlanta in
> December 2013. I would like a hearing on this matter please.
>
> &ast; &ast; &ast;
>
> I want the court to give me relief in this matter with the truth from why the police
> lie about no using the gun [sic]. The police shoot at me and they refused to report
> it.   The case was drop [sic] complete after destroy[ing] my life in five years.  I
> want my life back every day of it.

Doc. 1 at 5-7.   Attached to the Complaint is the Arrest Affidavit from Plaintiff's arrest on June 1,

2010 for Assault on Officer, Aggravated Assault with a Deadly Weapon without Intent to Kill,

Resisting an Officer with Violence, and Battery. Doc. 1-1 at 1. The narrative of the Arrest Affidavit

completed by Officer Stephen Wilson reports that Plaintiff was arrested for assaulting an officer

and resisting arrest after punching his roommate and threatening him with a knife, saying "he was God" and "there was a demon in the house." After officers arrived, Plaintiff walked out of the front door of the apartment with a large silver kitchen knife in this right hand, and Officer Baxter tasered him before arresting him. *Id*.

Also attached to the Complaint as an exhibit is a letter from an Assistant Public Defender from June 3, 2015 addressed to him in the Orange County jail. In the letter, the Assistant Public Defender states that he was disappointed when Plaintiff failed to appear for trial on January 16, 2014 "after all that fighting we did with the judge to convince him that you were competent to stand trial" and he hoped that the five year old case would be finally dismissed. *Id*. at 3. Another exhibit shows that the State of Florida entered a Nolle Posequi in the case on September 15, 2015. Doc. 1-1 at 5.

**Analysis of Plaintiff's Claim**

Although Plaintiff has sued "Officer Baxter, on behalf of the Orlando Police Department," he cannot state a § 1983 claim against Officer Baxter in his official capacity or individual capacity.

**1. Official Capacity**

In order to state a viable section 1983 claim, the defendant being sued must be an entity that is subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id.* at 1214; Fed.R.Civ.P. 17(b). To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an action against the name of the individual who holds the office responsible for the individual's alleged wrong-doing. *Duncan v. Lee County Sheriff's Office*, No. 2:06-cv-106-FtM-99SPC, 2006 WL 2919027, at *2 (M.D. Fla. Oct. 11, 2006). In the present action, Plaintiff has sued Officer Baxter "on behalf of the Orlando Police Department," which the Court construes as an official capacity claim against the Orlando Police Department.

Under Florida law, a police department lacks a separate legal identity apart from a city and is not an entity subject to suit. *Id.* ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *see also Deskins v. Sarasota County*, No. 8:08-CV-116-T-23MSS, 2008 WL 4190265, at *2 (M.D. Fla. Sept. 8, 2008). Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party. *See Post v. City of Fort Lauderdale*, 750 F.Supp. 1131 (S.D.Fla.1990); *Florida City Police Dept. v. Corcoran*, 661 So.2d 409 (Fla. 3d DCA 1995). In so finding, the courts have reasoned that the police department is the vehicle through which the city fulfills its policing functions. Therefore, the Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city. *Corcoran*, 661 So.2d at 410. Inasmuch as the Police Department is not an entity subject to suit under Florida law, Plaintiff cannot state a claim against it.

## 2. Individual Capacity

Plaintiff also cannot state a claim against Officer Baxter in his individual capacity because he is entitled to qualified immunity since he had probable cause for the arrest. Plaintiff alleges that Officer Baxter violated "all of his constitutional rights[3]," however, a challenge to an arrest is generally reviewed under the Fourth Amendment. "Under the Fourth Amendment, an individual has a right to be free from 'unreasonable searches and seizures' . . . [and] an arrest is a seizure of the person." *Skop v. City of Atlanta, Ga.,* 485 F.3d 1130, 1137 (11th Cir. 2007). The "reasonableness" of a seizure or arrest under the Fourth Amendment turns on the presence or absence of probable cause. *Id.* "A warrantless arrest without probable cause violates the

---

[3] Plaintiff cites the First Amendment and Sixth Amendment, but fails to state any facts in support of either type of constitutional violation, arguing solely that his arrest was unlawful.

Constitution and provides a basis for a section 1983 claim[,]" but "[t]he existence of probable cause at the time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Id.* (citing *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)). If Officer Baxter had probable cause to arrest Plaintiff then the officer is entitled to qualified immunity, and Plaintiff cannot state a claim against him.

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). If a constitutional violation occurred because the officer lacked probable cause, the officer may still be shielded from liability because his "actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002)). As the Eleventh Circuit explains:

> "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 245 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983). Even "seemingly innocent activity" can be the basis for probable cause. Id. "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.'" *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (quoting *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990)).

*Id.* The claims against Officer Baxter turn on whether he had probable cause for the arrest. Plaintiff has failed to allege a constitutional violation because the allegations in the Amended Complaint and attachments[4], viewed in the light most favorable to Plaintiff, establish that Officer Baxter had probable cause to arrest Plaintiff.

Plaintiff alleges that the police arrested him on June 1, 2010 even though he "was the victim"; he was subsequently found to be incompetent[5] and hospitalized.   Thus, the crux of Plaintiff's allegations are for unlawful arrest, which Officer Baxter did in the scope of his employment, acting as a police officer.   See *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) ("[A]n arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment.") *Id.*

To determine whether Officer Baxter violated Plaintiff's constitutional right that was clearly established, the Court must determine whether Officer Baxter had arguable probable cause to arrest Plaintiff at the scene. *See Jones*, 174 F.3d at 1283 n.3; *see also Kingsland*, 382 F.3d at 1232 ("[W]e must inquire whether 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." (citations omitted)); *id.* ("Nevertheless, officers who make an arrest without probable cause are

---

[4] All facts are taken from Plaintiff's Complaint and the attachments. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal[.]"). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005).

[5] At some point, based on the allegations in the Complaint, Plaintiff was no longer in custody and was on a bus in Atlanta when he was arrested there.   Plaintiff filed several cases in the Northern District of Georgia arising out of an arrest that took place in Georgia.   *See, e.g., Wymer v. Sheriff Ted Jackson*, Case No. 1:15-cv-786 (N.D.Ga. May 4, 2015) (habeas corpus complaint arising out of confinement in the Fulton County Jail in Atlanta after being declared incompetent to stand trial in June 2014).

Case 6:15-cv-01669-RBD-DAB   Document 6   Filed 11/04/15   Page 9 of 12   PageID 43

entitled to qualified immunity if there was arguable probable cause for the arrest." (citation

omitted)).

The Court finds based on the statements in the Narrative in the Police Report in the present

case that there was arguable probable cause for Officer Baxter to arrest Plaintiff at the scene.   The

pertinent portion of the Narrative reads:

> Officer Baxter advised he was traveling south through the complex when he was
> flagged down by Nicholas Rivera. As Officer Baxter climbed off his marked OPD
> motorcycle, in full police uniform, he noticed a black male, later identified as the
> arrestee, James Wymer, walk out of the front door of apartment #K8 with a large
> silver kitchen knife in his right hand. Officer Baxter immediately drew his
> department issued firearm, pointed it at Wymer and and began to yell at Wymer
> to drop the knife. Officer Averill joined Officer Baxter, as both ordered Wymer to
> drop the knife. Wymer refused to comply, and according to both Officer-Baxter
> and Officer Averill, began to walk towards the officers smiling, and yelling, "I am
> not afraid of you," over and over. As Wymer approached, Officer Baxter holstered
> his firearm and transitioned to his department issued taser. He deployed one taser
> cartridge (#H09-1341343) into Wymer's midsection for a full five second cycle.
> Wymer fell to the ground with the knife dropping next to his right leg. Officer
> Averill immediately removed the knife and secured it. Wymer was handcuffed and
> no longer resisted.
>           * * *
> After Wymer was secured, contact was made with Rivera. . . . Rivera advised he
> arrived from work and was in his room trying to get some asleep. Rivera advised
> his roommate Wymer had the music very loud. Rivera advised he walked out of
> his room and down to the living room area and asked Wymer to turn the music
> down. Rivera advised Wymer turned the music down but when he walked back up
> to his room Wymer would turn the music back up. Rivera advised this occurred
> about three times and after the third time, Wymer began to scream very loud that
> he was God. Rivera advised he walked out the room again and Wymer charged at
> him striking Rivera on his left cheek area with Wymer's closed right fist Rivera
> advised they wrestled for a brief period and he was able to get Wymer off of him.
>
> Rivera advised Wymer then ran into the kitchen and grabbed a kitchen knife
> (Black handle with an approximately 9 inch blade) and charged at him
> causing·him to fear for his life. Rivera advised he grabbed a boogie board that was
> resting on the wall and placed it in front of him to block the knife. Rivera advised
> he was able to push Wymer away and Wymer ran over to the telephone and called
> 911 with the knife still in his possession. Rivera advised while Wymer was calling
> 911 he was yelling that there was a demon in his house. Rivera advised he then
> ran upstairs to his bedroom and called 911 from his cell phone. Rivera advised
> while he was on the phone with the 911 operator Wymer continued to yell and

- 9 -

threaten him. Rivera advised he directed the officers to the apartment and went outside to wave them down.

Rivera advised he waived down Officer Baxter and Officer Baxter got off his motorcycle. Rivera advised Wymer then walked to the doorway of the apartment still armed with the knife in his right hand. Rivera advised Officer Baxter drew his firearm and pointed the firearm at Wymer giving Wymer several verbal commands to drop the knife. Rivera advised Wymer refused to drop the knife and told Officer Baxter he was not afraid of him. Rivera advised Wymer began to walk towards Officer Baxter and Officer Baxter deployed his taser on Wymer to prevent Wymer from attacking Officer Baxter with the knife. Rivera advised Wymer was placed into handcuffs shortly after he·was tased.

Doc. 1-1 at 2.

"Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." *Goree v. City of Atlanta, Georgia*, 276 Fed. Appx. 919 (11th Cir. 2008) (citing *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).   Information furnished by a single complainant can establish probable cause when the information comes from a victim who provides specific details of a crime.   *Oliveira v. Mayer*, 23 F.3d 642, 647 (2d Cir. 1994) (citing *Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir.1991)(holding that "when an officer has received information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth, he has probable cause")).   Because the statement from Rivera that Plaintiff had pulled a knife on him and was screaming "he was God" was sufficient to warrant a reasonable belief that Plaintiff had committed a crime, Officer Baxter had probable cause to arrest him.

Moreover, Plaintiff cannot state a claim on the theory that "he was treated like nothing" when he was the real victim" and Officer Baxter should have believed his version of events over the statements of Nicholas Rivera.   "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 128 (2d Cir.

1997); *Williams v. City of Homestead, Fla.,* 206 Fed. Appx. 886, 889 (11th Cir. 2006) (holding that a police officer is under no obligation to credit a suspect's explanation or alibi); *Rankin v. Evans*, 133 F.3d 1425, 1435–36 (11th Cir. 1998) (holding that "[i]n order to establish the probable cause necessary to make a valid arrest, . . . it is not necessary to eliminate all possible defenses").

An officer does not have to take "every conceivable step . . . at whatever cost, to eliminate the possibility of convicting an innocent person." *Tillman v. Coley*, 886 F.2d 317, 321 (11th Cir. 1989). While a police officer should consider a suspect's explanation in evaluating the existence of probable cause, he "is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988). The Supreme Court has explained: "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). Because Plaintiff affirmatively alleges in the Amended Complaint that he was arrested because the police believed Rivera's version of events and "treated Nicolas as a king," and he does not allege any facts suggesting that Rivera should have appeared unreliable to a reasonable police officer, the facts alleged in the Complaint do not permit the conclusion that the police officers, or Officer Baxter in particular, lacked probable cause. *See Sanford v. Pennington*, 1:07-CV-0708, 2007 WL 4287761 (N.D.Ga. Dec. 4, 2007) (dismissing false arrest claims of pro se plaintiff who did not sufficiently allege a constitutional violation where he failed to allege the police had no probable cause to arrest him or that it was obtained through an officer's misstatements or omissions); *Daniels v. City of New York,* No. 03-Civ-0809, 2003 WL 22510379 (S.D.N.Y. Nov. 5, 2003) (holding pro se plaintiff-arrestee's arrest was lawful based on the facts alleged in the complaint and the false arrest claims against the officers would be dismissed on a Rule 12(b)(6)

motion).   Because Officer Baxter had probable cause for the arrest, Plaintiff cannot state a claim

for a violation of the Fourth Amendment.

## CONCLUSION

Plaintiff cannot state a claim against Officer Baxter "on behalf of the Orlando Police

Department" in his official capacity or against the Orlando Police Department directly because it is

not an entity subject to suit under Florida law.   Plaintiff also cannot state a claim against Officer

Baxter in his individual capacity for a violation of the Fourth Amendment because Officer Baxter

had probable cause for the arrest.   It is respectfully **RECOMMENDED** that Plaintiff's Motion for

Leave to Proceed In Forma Pauperis be **DENIED** and his Complaint be **DISMISSED**.

Failure to file written objections to the proposed finding and recommendations contained in

this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an

aggravated party from challenging on appeal the district court's order based on unobjected-to factual

and legal conclusions.

Recommended in Orlando, Florida on November 4, 2015.

*David A. Baker*
_____

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties

- 12 -